**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ARTIS ELLIS,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:14-cv-02126** |
| | § | |
| | § | **Jury Demanded** |
| **EDUCATIONAL COMMISSION FOR** | § | |
| **FOREIGN MEDICAL GRADUATES,** | § | |
| | § | |
| **Defendant,** | § | |

---

**PLAINTIFF'S ORIGINAL COMPLAINT**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff, Artis Ellis, files this original complaint against Defendant, Educational Commission for Foreign Medical Graduates and for cause of action would show the following:

**I.**
**PARTIES**

1.     Plaintiff, Artis Ellis, is a citizen of the United States and the State of Texas and resides in Houston, Harris County, Texas.

2.     Defendant, Educational Commission for Foreign Medical Graduates, is a foreign nonprofit corporation doing business in Houston, Harris County, Texas. Defendant's registered office is located at 1999 Bryan St., Ste. 900 Dallas, TX 75201, and it may be served with process by serving its registered agent, C T Corporation System, at that address.

3.     At all times relevant hereto, Plaintiff was employed by Defendant in Houston, Harris County, Texas.

4.     At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and

1

under the direct control of Defendant.

## II.
## JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff's causes of action arises under 42 USC § 12101 *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADA/ADAAA") and 29 USC § 2601 *et seq.*, and the Family Medical Leave Act ("FMLA").  Additionally, this Court has supplemental jurisdiction, pursuant to 28 USC § 1367, over Plaintiff's causes of action arising under the Texas Commission on Human Rights Act ("TCHRA"), Texas Labor Code §21.051, *et seq.*, because such claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1331 and 1391 (b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and it is the district in which the Defendants' business is located and operated.

7.     All conditions precedent to filing this lawsuit have been performed or have occurred.  On April 25, 2014, the United States Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue Defendant.  Plaintiff has filed suit within 90 days of his receipt of the Notice of Right to Sue.  On July 10, 2014, Plaintiff received a Notice of Right to File a Civil Action from the Texas Workforce Commission Civil Rights Division.

## III.
## FACTS

8.     Plaintiff began her employment with Defendant as an Assistant Manager of the Houston Center in April 2005.  She performed so well in her role as an Assistant Manager that

she was promoted to Center Manager on or about October 2008.  In that role, Plaintiff managed 80 to 100 employees at any given time.

9.     On August 29, 2012, Plaintiff was suffering from extreme stress, anxiety, and headaches and ended up in the emergency room.  While at the hospital, she was told she had a mass on her brain and that she would need an MRI and further diagnosis.  Plaintiff immediately sent an email to Defendant letting management know that she was in the hospital and required further evaluation.  Plaintiff went back to the doctor on August 31, 2012, and attempted to make appointments with neurologists over Labor Day Weekend.  She returned to work on September 4, 2012 and worked through September 11, 2012.

10.    On September 12, 2012, Plaintiff contacted Defendant's Director, Chris Paul, to let him know that she had a migraine and would be unable to come into work.  When she returned to the emergency room, she was told she had a brain tumor that required immediate surgery.  She went into surgery on September 14, 2012.

11.    Plaintiff did not have a single negative performance review in her eight (8) years of employment.  However, as soon as she notified Defendant of her disabilities and requested leave under the Family Medical Leave Act ("FMLA") as a reasonable accommodation for her disabilities related to her surgery and recuperation from a brain tumor, Defendant began investigating Plaintiff's conduct/performance.

12.    During the course of her recovery, Plaintiff received calls from her employees. They were frantic because Mr. Paul had come into the Houston Center and began investigating Plaintiff as soon as she took leave and throughout her recovery.  He went so far as to interview male employees regarding alleged sexual relationships with Plaintiff.  Ultimately, Mr. Paul's investigation confirmed that Plaintiff did not engage in sexual relationships with any employees.

13.     While Ms. Ellis was set to return to work on October 22, 2012, she kept Defendant apprised of her health in the interim.  She let Human Resources Manager Sharon Trowell know that her doctor had advised that she not be in stressful situations because that would cause an adverse reaction to her medication, which would have an adverse effect on her recovery.  She also advised Ms. Trowell that one of her eyes was weak as the muscle had detached during surgery and she would require the use of eye patch.  Ms. Ellis told Ms. Trowell and Mr. Paul that as a result of her eye, she would need reasonable accommodations when she returned, but was not sure which ones as she had not yet returned to work.   Finally, Ms. Ellis told Ms. Trowell the week before she returned to work that her doctor was signing off on her to return to work for just half days the first week.

14.     The very day Plaintiff returned to work from FMLA leave, October 22, 2012, she walked into an ambush.  When Plaintiff entered her office she was met by Mr. Paul, Betty Lehew, Vice President of Human Resources, and Nancy Ambrose, Assistant Director.  They had a list of the areas in which Plaintiff had allegedly failed as a Manager.   Ms. Lehew and Mr. Paul went down the list with her that included such minute issues as:  "It has been reported that management has discarded employee's personal belonging[s] such as food, clothing, cups and dishes without proper notification."   Despite the fact that Defendant knew Plaintiff was not supposed to undergo stress, they continued to press her on her alleged "mistakes."

15.     After being interrogated by three people in complete disregard for her request for reasonable accommodation, Plaintiff feared that the stress she was suffering would cause her to fall ill so she asked for the reasonable accommodation of going back on immediate leave.  When Plaintiff requested to take the rest of her FMLA time she was told "off the record" that it would be better for her to take an administrative leave, rather than make a formal request pursuant to

the FMLA, until the conclusion of Defendant's investigation.  Accordingly, Mr. Paul informed Plaintiff that she was going to be placed on paid administrative leave for four days to two weeks while the investigation is completed.  During this time, Defendant prohibited Plaintiff from contacting the staff of the Houston Center.

16.     On November 1, 2012 Defendant summoned Plaintiff to a meeting with Ms. Ambrose and Ms. Lehew at a hotel.  At this meeting Ms. Ambrose told Plaintiff that she was terminated for her failure to follow Defendant's procedures.  Defendant told Plaintiff that the Houston Center staff would be told that she was resigning due to her health.

**IV.**

**DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE & RETALIATION**

17.     Plaintiff reasserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

18.     Defendant, by and through Defendant's agents, intentionally engaged in unlawful employment practices involving Plaintiff because of her disability.  Accordingly, Plaintiff alleges that she has a perceived and/or actual disability, she was qualified for her position and Defendant made its adverse employment decision because of her disability or perceived disability in violation of the Americans with Disabilities Act ("ADA") and the Texas Commission on Human Rights Act ("TCHRA").

19.     At all times material hereto, Plaintiff was able to perform the essential functions of her position with accommodations.  Plaintiff's disability substantially limited at least one major life activity.  Plaintiff was discriminated against on the basis her disability or a perceived disability in violation of the ADA and the TCHRA.  Additionally, Plaintiff alleges that Defendant retaliated against her by terminating her employment because she opposed acts made

unlawful by the ADA and the TCHRA.

20.     Plaintiff alleges that Defendant, by and through Defendant's agents, discriminated against Plaintiff on the basis of her disability with malice or with reckless indifference to the federal and state protected rights of Plaintiff in violation of the ADA and the TCHRA.

21.     Defendant discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive her of any employment opportunity or adversely affect her status because of Plaintiff's disability in violation of the ADA and the TCHRA.

22.     Plaintiff, a qualified individual with a disability, alleges that Defendant was aware of her disability and its consequential limitations and failed to make reasonable accommodations for such known limitations in violation of the ADA and the TCHRA.  Additionally, Plaintiff alleges that Defendant retaliated against Plaintiff because she requested reasonable accommodations in violation of the ADA and the TCHRA.

**V.**

**INTERFERENCE AND RETALIATION UNDER THE FMLA**

23.     Plaintiff reasserts and incorporates by reference all of the facts set forth in the above numbered paragraphs.

24.     Plaintiff is an eligible employee within the meaning of the FMLA.  Plaintiff was employed with Defendant for well over twelve months and for at least 1,250 hours of service during the preceding twelve month period.

25.     Defendant is an employer within the meaning of the FMLA.  Defendant is engaged in commerce or in an industry or activity affecting commerce and employs fifty or more employees for each working day during each of the twenty or more calendar work weeks in the

current or preceding calendar year.

26.     Plaintiff was entitled to up to twelve work weeks of leave due to a serious health condition, which was well documented by Plaintiff's health care providers.

27.     Plaintiff would show that Defendant intentionally interfered with, restrained, and denied the exercise of rights provided under the FMLA by refusing to grant Plaintiff's request for leave, demoting Plaintiff, reducing Plaintiff's income, denying Plaintiff benefits, and refusing to restore Plaintiff to the position or compensation she held before her request for leave.

28.     Plaintiff would further show that Defendant intentionally discriminated and retaliated against Plaintiff because she exercised her rights under the FMLA.

29.     Defendants conduct was an intentional and willful violation of the FMLA. Accordingly, Plaintiff is entitled to an award of liquidated damages within the meaning of the FMLA.  As a result Plaintiff suffered damages including general compensatory damages, back pay for the past three (3) years because Defendant's violation was willful, and liquidated damages.

## VI.
## DAMAGES

30.     Plaintiff sustained damages as a result of the actions and/or omissions of Defendant described herein.  Accordingly, Plaintiff is entitled to an award of actual, liquidated and compensatory damages in an amount that exceeds the minimum jurisdictional limits of this Court, including, but not limited to, lost wages and benefits in the past and future; mental anguish and emotional pain and suffering in the past and future; physical impairment in the past and future; medical expenses in the past and future, together with pre-judgment and post-judgment interest as allowed by law.

32.     Additionally, as a result of Defendants' above-referenced actions and/or

omissions, Plaintiff was required to retain counsel.   Accordingly, Plaintiff also seeks compensation for the attorney's fees, as well as out-of-pocket expenses and costs of Court she will have incurred in this action.

## VII.
## EXEMPLARY DAMAGES

33.     Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff.  In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

## VIII.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that Defendants be cited to appear and answer herein, and that on final trial, Plaintiff have judgment against Defendants for:

a.     All damages to which Plaintiff may be entitled pursuant to this Original Complaint, or an amendment thereto, including but not limited to back pay, reinstatement, upgrading, compensation for benefits not received, and liquidated damages;

b.     Past physical pain and mental suffering;

c.     Present physical pain and mental suffering;

d.     Future physical pain and mental suffering;

e.     Punitive damages in an amount above the minimum jurisdictional limits of the Court;

f.     Reasonable attorneys' fees as allowed by law, with conditional awards in the event of appeal;

g.     Prejudgment interest at the highest rate permitted by law;

h.    Postjudgment interest from the judgment until paid at the highest rate permitted by law;

i.    Costs of Court; and

j.    Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Original Complaint or by proper amendment thereto.

Respectfully Submitted,

kennard
blankenship
robinson P.C.

_____
Terrence B. Robinson
Texas Bar No. 17112900
Brian J. Levy
Texas Bar No. 24067728
5433 Westheimer, Suite 825
Houston, Texas 77056
Main: 713.742.0900
Fax: 713.742.0951
**ATTORNEYS FOR PLAINTIFF**