**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTIS ELLIS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 4:14-CV-02126 |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1) AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED UNDER RULE 12(b)(6)**

Plaintiff Artis Ellis failed to timely exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC") with respect to her "failure to accommodate" claim that she brings under the Americans with Disabilities Act ("ADA"). Ellis also failed to timely exhaust her administrative remedies with the Texas Workforce Commission—Civil Rights Division ("TWC-CRD") with respect to her disability discrimination claim that she brings under the Texas Labor Code.[1] Because of her failure to exhaust her administrative remedies on these claims, Defendant Educational Commission of Medical Graduates ("ECFMG") is entitled to partial dismissal with prejudice. That is, Ellis's failure to exhaust is incurable at this point and partial dismissal is required under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and a failure to state a claim for which relief can be granted. In support of its partial motion to dismiss, ECFMG respectfully shows the Court as follows:

---

[1] Plaintiff filed her charge of discrimination as a dual-filing with both the TWC-CRD and EEOC, and she obtained a right-to-sue from both agencies.

1

# I.
## NATURE AND STAGE OF PROCEEDINGS

Plaintiff filed her suit against ECFMG on July 24, 2014 for alleged violations of the ADA, the Texas Commission on Human Rights Act ("TCHRA"), and the Family and Medical Leave of Act ("FMLA"). Ellis served ECFMG with her lawsuit on August 8, 2014.[2]   ECFMG files this partial motion to dismiss immediately prior to filing its answer.

# II.
## SUMMARY OF ARGUMENT

Ellis alleges that ECFMG discriminated against her when she returned to work after surgery. Plaintiff's Original Complaint, at ¶¶17-22. Specifically, Ellis complains that ECFMG terminated her employment on November 1, 2012 because of her actual or perceived disability and/or because she took FMLA leave. *Id*. at ¶¶17-29. Interestingly, in her Complaint, Ellis articulates a cause of action for ECFMG's failure to accommodate her alleged disability. *Id*. at ¶¶17-22. Specifically, Ellis alleges that leading up to the day of her return from leave, her doctor signed off on her return to work for only "half days," advised her "not to be in stressful situations," and noted that as a result of her weakened eye muscle she would require an eye patch, and that "she would need reasonable accommodations when she returned, but was not sure which ones." *Id*. at ¶13.   Ellis further alleges that upon her return from leave after a meeting in which she was told she would be placed on administrative leave while ECFMG investigated numerous policy and procedural infractions, Ellis requested an accommodation of additional leave. *Id*. at ¶¶14-22. Despite what Ellis now alleges in her Complaint, she made no mention of any requests for accommodation in her Charge of Discrimination. *See* Ex. A, Charge of Discrimination. Regardless of Ellis's belief as to the reason for her termination, because she

---

[2]     ECFMG filed an Unopposed Motion to Extend Time to Answer or Otherwise Respond, extending its time to respond to September 5, 2014.

failed to exhaust her administrative remedies in a timely manner as to her failure to accommodate claim, this claim is ripe for dismissal.

### III.
### STATEMENT OF ISSUES

Whether Ellis timely exhausted her ADA/TCHRA claims for failure to accommodate such that they can survive ECFMG's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6).[3]

### IV.
### LEGAL STANDARDS FOR DISMISSAL UNDER 12(B)(1) AND 12(B)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) is proper when a defendant attacks a complaint because the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction, and therefore have power to adjudicate claims only when jurisdiction is conferred by the Constitution. *See Kokkonen v. Guardian Life Ins. Co*. 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Id.* Accordingly, "the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Capozzelli v. Allstate Ins. Co*., No. 2:13-cv-00260, 2014 WL 786426, *2 (E.D. Tex. Feb. 25, 2014) (quoting *Ramming*, 281 F.3d at 161). A claim is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the

---

[3]   As explained below, the points are substantively the same, but courts considering whether to dismiss claims for failure to exhaust administrative remedies have relied on both Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

case.  *See Home Builders Ass'n of Miss., Inc. v. City of Madiso*n, 143 F.3d 1006, 1010 (5th Cir. 1998).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is proper when a defendant attacks a complaint because it fails to state a legally cognizable claim.  *See Ramming*, 281 at 161.  A claim should be dismissed under Rule 12(b)(6) where it appears beyond doubt that a plaintiff can prove no set of facts that would entitle her to relief.  *Id*.  The Supreme Court set forth a two-pronged approach to considering a motion to dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  First, although a court must accept all of the allegations in the complaint as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 556 U.S. at 675.  Indeed, "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust [administrative remedies]."  *Bowers v. Nicholson*, 271 Fed. App'x. 446, 448 (5th Cir. 2008); *see also Jefferson v. Loftin*, No. Civ.A. 3:04-CV-1102, 2005 WL 4541891, at *3 (N.D. Tex. March 16, 2005).  Because it is apparent from the face of Ellis's Complaint, along with the referenced Charge, that she did not timely exhaust her administrative remedies as to her failure to accommodate claims under the ADA and the TCHRA, these claims must be dismissed under Rule 12(b)(6).

## V.
## ARGUMENT

A charging party is required to file a charge of discrimination with the EEOC within 300 days (and/or within 180 days with the TWC-CRD) of the complained of employment action (here termination) as a condition precedent to the filing of an ADA or TCHRA lawsuit.  42 U.S.C. §2000e-5(e)(1); Tex. Lab. Code §21.202; *see Frank v. Xerox Corp*. 347 F.3d 130, 136

(5th Cir. 2003).   Under 29 C.F.R. §1601.12(a)(3), each charge should contain "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices."   "The requirement that a complainant must first exhaust the administrative remedies, 'broadly speaking, in effect limits the civil action to that range of issues that would have been the subject matter of the conciliation efforts between the EEOC and employer.'"  *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir. 1970).   "In other words, 'the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'"  *Id*. at 466.

It is axiomatic in the Fifth Circuit that a plaintiff's failure to exhaust all administrative remedies deprives the trial court of subject matter jurisdiction.  *See Atkins v. Kempthorne*, 353 Fed. Appx. 934, 936 (5th Cir. 2009) (unpublished) (citing *Tolbert v. United States*, 916 F.2d 245, 248 (5th Cir. 1990); *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981) ("[t]he exhaustion requirement … is an absolute prerequisite to suit"); *see also Capozzelli,* 2014 WL 786426, *4 (dismissing a failure to accommodate claim under Rule 12(b)(1)) for failure to exhaust administrative remedies).

ECFMG hired Ellis as Assistant Center Manager in 2005 and later promoted her to Center Manager in 2008.  *See* Complaint at ¶8.  ECFMG terminated Ellis's employment for various policy and procedural violations on November 1, 2012.  *Id.* at ¶16.  Though Ellis now claims that ECFMG failed to accommodate her alleged disability when she returned from FMLA leave after surgery, she made no mention of this claim in her charge of discrimination.[4]  *See* Ex. A.  Ellis dually-filed a charge of discrimination with the EEOC and the TWC-CRD on April 30,

---

[4]          ECFMG accepts as true the allegations in the Complaint for purposes of this Motion to Dismiss only, and specifically reserves the right to contest any and all such allegations in any future proceedings.

2013, over five months after she was discharged from ECFMG.  *See* Ex. A, Charge.[5]  Her Charge only mentioned discrimination and retaliation and did not so much as hint at any discriminatory treatment by ECFMG based on Ellis's alleged requests for accommodations.

Ellis has not satisfied her condition precedent to filing suit as to her "failure to accommodate" claim because she failed to reference any request for and/or denial of any accommodation whatsoever in her Charge.  *See* Ex. A.  Alleging a disability discrimination claim "generally" does not also exhaust a "failure to accommodate" claim, and courts in the Fifth Circuit dismiss claims under these exact circumstances.  As a result, Ellis is procedurally barred from asserting those claims now.  *See, e.g. Rodriguez v. Alcoa, Inc*., 805 F. Supp. 2d 310, 322 (S.D. Tex. 2011) (holding that plaintiff was barred from asserting a failure to accommodate claim in his lawsuit because he did not "include the term 'reasonable accommodation' [in his charge], and [the charge] contain[ed] no allegations even hinting at the possibility he might raise such a claim in the future.") (citing *EEOC v. Shell Oil Co*., 46 US. 54, 77 (1984); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

Even if Ellis had cited the statutory catch-all language in the Charge, "failure to accommodate," without citing any underlying facts that would support a failure to accommodate claim, her claim would still be barred.  *See Capozzelli*, 2014 WL 786426, at *4 (dismissing a claim for failure to exhaust administrative remedies even when the catch all language of "failure to accommodate" was mentioned in the charge, but the charge was otherwise devoid of any facts that would support such a claim).

---

[5]        Although Plaintiff did not attach her Charge to her Complaint, the court may consider it in ruling on this Rule 12(b)(1) and 12(b)(6) motion because it is referenced in the Complaint and is central to, and indeed a jurisdictional predicate to, her ADA and TCHRA claims.  *See Causey v. Sewell Cadilliac-Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2001).

In *Capozzelli*, plaintiff's charge centered around an alleged phone conversation between plaintiff and his supervisor that preceded his employment termination.   In his charge, Mr. Capozzelli accused his former employer of violating the ADA, stating "it is unlawful for an employer to discriminate against a qualified individual with a disability."   *Id*. at *3.   Mr. Capozzelli's charge further alleged that his "physical or mental disabilities in no way diminish his right to fully participate in all aspects of society… he has been precluded from doing so as he has a disability, has been regarded as having a disability, and been subjected to discrimination." *Id.*

The phrase "reasonable accommodation" appeared only once in the charge where Mr. Capozzelli was described as "a qualified individual with disability inasmuch as he is able, *with or without reasonable accommodation*, not just to perform, but to excel in the essential functions of his position."   *Id.*   The Court noted that the cited language is the statutory definition of "qualified individual" under the ADA.   *Id.* at n. 4 (citing 42 U.S.C. §12111(8)).   Mr. Capozzelli argued against dismissal of his claim, alleging that his reasonable accommodation claim was based on the fact that he had been denied permission to have his wife drive him to job assignments.   *Id.* at *4.   The court held otherwise and ruled against him.   The court reasoned that his alleged factual allegation in which he purportedly requested an accommodation appeared nowhere in his charge, and his failure to accommodate claim must be dismissed for lack of subject matter jurisdiction because it had never been properly presented to the EEOC.   *Id.* at *4.

Ellis's claims are far weaker than Capozzelli's and should similarly be dismissed as a result.   Simply stated, Ellis did not raise a "failure to accommodate" claim with the EEOC and, as a result, she is precluded from raising such a claim in this Court now.   *See* Complaint, ¶22. Ellis's charge primarily centered around Ellis's performance issues prior to her leave, as well as

her discharge that occurred after she returned from FMLA leave when ECFMG discovered additional policy violations due to complaints received by her employees.  *See* Ex. A.  <u>None</u> of the facts she now recites in her Complaint regarding requests for accommodations were mentioned in her Charge.  Ex. A.

Not only does Ellis's disability claim for failure to accommodate fail because Ellis did not timely exhaust her administrative remedies with respect to this claim, but Ellis cannot cure this defect due to the fact that ECFMG discharged Ellis in November of 2012.  Even if Ellis attempted to file an amended charge of discrimination at this late juncture, it would not "relate back" to the original and timely filed charge of discrimination.  *See Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003) (holding that amendments raising new legal theories do not relate back to an original charge of discrimination); *Williams v. KB Home*, No. 3:12-cv-139, 2013 WL 1574166, n.3 (S.D. Tex. April 12, 2013).

In *Manning*, the court affirmed the dismissal of a disability discrimination claim for failure to timely exhaust administrative remedies when the original charge of discrimination alleged race, gender, and retaliation only and the first charge filed alleged no facts supporting the disability discrimination claim.  *Id.* (citing *EEOC v. Miss. Coll.*, 626 F.2d 477, 483-84 (5th Cir. 1980)) (observing that because the new claims do not relate to or grow out of the allegations of other discrimination advanced in the original charge, that aspect of the amended charge does not relate back to the time of filing the original charge); *see also Blanchet v. Chevron/Texaco Corp*., 368 F. Supp. 2d 589, 602-603 (E.D. Tex. 2004) (dismissing new claim with prejudice); *Adams v. Stanley Sec. Solutions, Inc*., No. 3:06-CV-0976-L, 2007 WL 2979867, *5 (N.D. Tex. Oct. 11, 2007).

Given the facts pled in the charge of discrimination that Ellis filed with the EEOC, even if Ellis files an amended charge of discrimination, it would not relate back to her original charge of discrimination and would be untimely.  Indeed, none of the harms listed in Ellis's charge in any way relate to an alleged "failure to accommodate."   To be sure, Ellis's Charge focuses exclusively on her allegations of race and disability discrimination and retaliation related to taking leave.  Ex. A.

## VI.
## CONCLUSION

Ellis's failure to timely exhaust her administrative remedies as to her failure to accommodate claims under the ADA and TCHRA is an incurable defect.  Accordingly, her "failure to accommodate" disability claims must be dismissed at this early state of the litigation, because she has no plausible claim for relief for these claims.  ECFMG respectfully prays that Ellis take nothing by way of these alleged claims and that the Court partially dismiss her failure to accommodate claims with prejudice.  ECFMG further prays for all other relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
State Bar No. 24002870
Federal ID No. 22861
smoll@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

Of Counsel:

Erin E. O'Driscoll
State Bar No. 240460
Federal ID No. 582983
eodriscoll@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of September 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terrence B. Robinson
Brian J. Levy
KENNARD BLANKENSHIP ROBINSON P.C.
5433 Westheimer, Ste. 825
Houston, Texas 77056

*/s/ Stefanie R. Moll*
Stefanie R. Moll

DB1/ 80527211.3

10