IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS ELLIS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 4:14-CV-02126 |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES
TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") files its Answer and Affirmative and Other Defenses to Plaintiff Artis Ellis's Original Complaint (the "Complaint") as follows:

**ANSWER**

Without waiving any affirmative defenses, ECFMG answers the allegations contained in Ellis's Complaint in the corresponding numbered paragraphs.

**I.
PARTIES**

1. ECFMG lacks sufficient information to admit or deny that Ellis is a citizen of Texas and the United States, and a resident of Harris County, Texas, so ECFMG denies these allegations in paragraph 1 of the Complaint.

2. ECFMG admits the allegations in paragraph 2 of the Complaint.

3. ECFMG admits the allegations in paragraph 3 of the Complaint.

4. ECFMG denies the allegations in paragraph 4 of the Complaint.

## II.
## JURISDICTION AND VENUE

5.    ECFMG admits that this Court has jurisdiction over Ellis's claims under the ADA/ADAAA and FMLA on federal question grounds and the TCHRA under supplemental jurisdiction as alleged in paragraph 5 of the Complaint.  ECFMG denies, however, that Ellis's claims of failure to accommodate under the ADA and TCHRA are properly before this Court.

6.    With regard to the allegations contained in paragraph 6 of the Complaint, ECFMG admits that the allegations arose in this District for purposes of venue.

7.    ECFMG admits that the Equal Employment Opportunity Commission ("EEOC") issued Ellis a Notice of Right to Sue on April 25, 2014. ECFMG admits that she filed suit within 90 days of receiving the EEOC Notice of Right to Sue.  ECFMG is without sufficient knowledge as to the date Ellis received the Right to Sue from the EEOC or Texas Workforce Commission Civil Rights Division, and therefore it is denied.  ECFMG denies the remaining allegations in paragraph 7 of the Complaint.

## III.
## FACTS

8.    ECFMG admits that Ellis was hired as Assistant Manager of the Houston Center in April 2005.  ECFMG further admits that she was later promoted to Center Manager and she managed 80 to 100 employees as Center Manager.  ECFMG denies the remaining allegations in paragraph 8 of the Complaint.

9.    ECFMG admits that Ellis reported that she was seeking treatment at the hospital on or about August 29, 2012, and she returned to work on September 4, 2012.  ECFMG denies that Ellis worked through September 11, 2012.  ECFMG is without sufficient knowledge to admit or deny the remaining allegations in paragraph 9 of the Complaint, so ECFMG denies these allegations.

10. ECFMG admits that Ellis contacted Director, Chris Paul, on or about September 12, 2012 to advise that she would be unable to come to work. ECFMG is without sufficient information to admit or deny the remaining allegations in paragraph 10 of the Complaint and therefore they are denied.

11. ECFMG denies the allegations in paragraph 11 of the Complaint.

12. ECFMG denies the allegations in paragraph 12 of the Complaint.

13. ECFMG admits that Ellis was released to return to work on October 22, 2012. ECFMG further admits that Ellis mentioned she may need to wear an eye patch due to a weakened muscle. ECFMG denies the remaining allegations in paragraph 13 of the Complaint.

14. ECFMG admits that Ellis was presented with a list of infractions on October 22, 2012, including, but not limited to, improperly discarding employee personal belongings. ECFMG denies the remaining allegations in paragraph 14 of the Complaint.

15. ECFMG admits that Ellis was told she would be placed on administrative leave during the investigation into her wrongdoing, and that she was prohibited from contacting the Center during the investigation. ECFMG denies the remaining allegations in paragraph 15 of the Complaint.

16. ECFMG admits that Ellis was asked to meet Ms. Ambrose and Ms. Lehew at a hotel to discuss the findings of the investigation and the reasons for her termination on November 1, 2012. ECFMG denies the remaining allegations in paragraph 16 of the Complaint.

## IV.
## DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE & RETALIATION

17. With regard to the allegations in paragraph 17 of the Complaint, ECFMG realleges each and every admission and denial contained in the foregoing paragraphs of this Answer.

18. ECFMG denies the allegations in paragraph 18 of the Complaint.

19. ECFMG denies the allegations in paragraph 19 of the Complaint.

20. ECFMG denies the allegations in paragraph 20 of the Complaint.

21. ECFMG denies the allegations in paragraph 21 of the Complaint.

22. ECFMG denies the allegations in paragraph 22 of the Complaint.

## V.
## INTERFERENCE AND RETALIATION UNDER THE FMLA

23. With regard to the allegations contained in paragraph 23 of the Complaint, ECFMG realleges each and every admission and denial contained in the foregoing paragraphs of this Answer.

24. ECFMG admits that Ellis was employed with ECFMG for over twelve months and for at least 1,250 hours of service during the preceding twelve month period. ECFMG denies the remaining allegations in paragraph 24 of the Complaint.

25. ECFMG admits the allegations in paragraph 25 of the Complaint.

26. ECFMG admits that Ellis was generally entitled to up to twelve weeks of FMLA leave as an ECFMG employee under the statute. ECFMG denies the remaining allegations of paragraph 26 of the Complaint.

27. ECFMG denies the allegations in paragraph 27 of the Complaint.

28. ECFMG denies the allegations in paragraph 28 of the Complaint.

29. ECFMG denies the allegations in paragraph 29 of the Complaint.

## VI.
## DAMAGES

30. ECFMG admits that Ellis seeks the relief contained in paragraph 30 of the Complaint, but denies any liability to Ellis and denies that Ellis is entitled to the relief sought.

31. (paragraph 31 is omitted in Complaint)

32. ECFMG is without sufficient knowledge to admit or deny the allegation in paragraph 32 of the Complaint as to why Ellis was required to retain counsel, and therefore this allegation is denied. ECFMG denies that Ellis is entitled to any of the relief sought in paragraph 32 of the Complaint.

## VII.
## EXEMPLARY DAMAGES

33. ECFMG admits that Ellis seeks the relief contained in paragraph 33 of the Complaint, but denies any liability to Ellis and denies that Ellis is entitled to the relief sought. ECFMG denies the remaining allegations in paragraph 33 of the Complaint.

## VIII.
## PRAYER

34. ECFMG admits that Ellis prays for relief in items (a) – (j), but denies any liability to Ellis and further denies that Ellis is entitled to any of the relief sought.

Any and all allegations not expressly admitted are denied.

### AFFIRMATIVE AND OTHER DEFENSES

1. Ellis fails to state a claim upon which relief can be granted.

2. Ellis failed to exhaust her administrative remedies and statutory prerequisites to suit, as more fully addressed in ECFMG's Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) filed contemporaneously with ECFMG's Answer.

3. Ellis's claims are barred in whole or in part by the applicable statute of limitations.

4. Ellis's claims are barred in whole or in part because she did not engage in any activity protected.

5. Ellis's claims are barred in whole or in part because ECFMG did not deny, restrain, or interfere with Ellis's alleged right to leave under the FMLA.

6. Ellis's discrimination claim is barred in whole or in part because Ellis was not treated differently with respect to the terms and conditions of her employment than any similarly situated employee outside of her protected class.

7. Ellis was not a qualified individual with an actual or perceived disability.

8. Ellis's alleged damages, if any, are limited by all applicable damage caps and limitations provided by law.

9. ECFMG alternatively pleads that Ellis's damages, if any, were caused by Ellis or third parties, and not ECFMG.

10. ECFMG alternatively pleads that it is entitled to an offset for all interim compensation or income received by Ellis.

11. ECFMG alternatively pleads that the damages that Ellis seeks are barred in whole or in part because Ellis failed to mitigate her alleged damages.

12. ECFMG alternatively pleads that Ellis cannot recover punitive damages for any alleged discrimination or retaliation because any such alleged discrimination or retaliation would be contrary to ECFMG's good faith efforts to comply with laws governing such conduct. ECFMG had anti-discrimination and anti-retaliation policies in place and educated it employees on these policies.

13. ECFMG pleads that an award of liquidated damages is not warranted because ECFMG did not act willfully, but instead acted in good faith and with reasonable grounds.

14. ECFMG alternatively pleads that any relief to which Ellis may be entitled is barred or limited by the after-acquired evidence defense.

15. ECFMG alternatively pleads that Ellis's claims are barred in whole or in part because all employment actions taken by ECFMG were taken for legitimate, non-discriminatory and non-retaliatory business reasons.

16. ECFMG alternatively pleads that it would have taken the same actions with respect to Ellis regardless of her protected status and/or her alleged complaint of discrimination or retaliation.

17. ECFMG pleads that any employment actions taken with respect to Ellis would have been necessary in the absence of any alleged impermissible factors.

18. ECFMG alternative pleads that Ellis was an at-will employee, as that term is defined under the common law of Texas, and Ellis could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

19. ECFMG asserts that Ellis cannot recover actual and punitive damages under multiple or different theories and causes of action for the same or similar acts.  Ellis is entitled to only one remedy for her claims.

20. ECFMG alternatively pleads that Ellis is estopped and barred from alleging in this action matters which were not properly alleged or within the scope of charge timely filed with the EEOC or the Texas Workforce Commission.

21. ECFMG alternatively pleads that it is not liable for acts, if any, by employees that were not authorized by ECFMG, and that those employees had no express or implied authority to engage in acts that were inconsistent with ECFMG's written rules prohibiting conduct constituting unlawful discrimination.  Any improper acts, if any, by certain individuals employed by or associated with ECFMG were beyond the course and scope of employment, and ECFMG is not responsible for those actions.

ECFMG respectfully prays that Ellis take nothing by way of this lawsuit and that the Court dismiss her claims with prejudice. ECFMG further prays for all other relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
State Bar No. 24002870
Federal ID No. 22861
smoll@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

Of Counsel:

Erin E. O'Driscoll
State Bar No. 240460
Federal ID No. 582983
eodriscoll@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 5th day of September 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terrence B. Robinson
Brian J. Levy
KENNARD BLANKENSHIP ROBINSON P.C.
5433 Westheimer, Suite 825
Houston, Texas 77056

                                            */s/ Stefanie R. Moll*
                                            Stefanie R. Moll

DB1/ 80599907.2