**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ARTIS ELLIS,** | § | |
| | § | |
| **PLAINTIFF** | § | |
| **VS.** | § | |
| | § | **CASE NO. 4:14-CV-02126** |
| **EDUCATIONAL COMMISSION FOR** | § | |
| **FOREIGN MEDICAL GRADUATES** | § | |
| | § | **JURY DEMANDED** |
| **DEFENDANT,** | § | |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS AND REQUEST FOR ATTORNEYS' FEES

---

Plaintiff Artis Ellis ("Plaintiff" or "Ellis"), files this Response to Defendant Educational Commission for Foreign Medical Graduates (hereinafter "Company," "ECFMG" or "Defendant"), Partial Motion to Dismiss Under Rules 12(b)(1) and 12(b)(6). Plaintiff respectfully requests that the Court deny Defendant's Partial Motion to Dismiss and award Plaintiff the costs and fees incurred in responding thereto, and in support would show the Court as follows:

### I.        NATURE AND STAGE OF PROCEEDING

1.        Plaintiffs filed her Original Complaint on July 24, 2014, alleging violations of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 USC § 12101 *et seq.*, the Family Medical Leave Act ("FMLA"), 29 USC § 2601 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Chapter 21 of Texas Labor Code pursuant to 28 U.S.C. § 1367.[1]

---

[1] Doc. 1.

An initial conference is scheduled for November 6, 2014.[2]  Defendant filed a Partial Motion to Dismiss ("Motion"), pursuant to Rules 12(b)(1) and 12(b)(6) on September 5, 2014.[3]

## II.        SUMMARY OF ARGUMENT

2.        Defendant's Motion argues that Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted because she failed to exhaust her administrative remedies with respect to her "failure to accommodate claim" under the ADA and TCHRA.

3.        Plaintiff now files this Response respectfully requesting that the Court deny Defendants' Motion because she exhausted the administrative remedies with respect to her "failure to accommodate claim" under the ADA and TCHRA as she included the claim on her Intake Questionnaire and Charge of Discrimination, which were timely filed with the Equal Employment Opportunity Commission ("EEOC").   As such, Plaintiff has properly stated her "failure to accommodate claim" and this Court has subject matter jurisdiction over the claim. As a result, Defendant's Partial Motion to Dismiss should be denied.  Moreover, Defendant should be responsible for Plaintiff's costs and attorney fees incurred in responding to Defendant's Motion because Defendant proceeded to prosecute the Motion after Plaintiff provided Defendant demonstration the legally unjustified and non-meritorious nature thereof.

## III.        ARGUMENT AND AUTHORITIES

### A.    LEGAL STANDARD UNDER 12(b)(1) AND  12(b)(6)

4.        "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of

---

[2] Doc. 2.
[3] Doc. 6.

disputed facts."[4]  While a district court is "empowered to consider matters of fact which may be in dispute," a motion to dismiss for lack of subject-matter jurisdiction "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief."[5]  The court "must accept as true all nonfrivolous allegations of the complaint."[6]  A claim is only properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.[7]

5.     A claim should only be dismissed under Rule 12(b)(6) if it appears beyond doubt that a plaintiff can prove no set of facts that would entitle her to relief.[8]  The Supreme Court set forth a two-pronged approach to considering a motion to dismiss.[9]  A court must accept all of the allegations in the complaint as true.[10]  If a complaint that states a plausible claim for relief, then it survives a motion to dismiss."[11]  "Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust [administrative remedies]."[12]

6.     It is apparent from the face of Ellis's Complaint, along with the referenced Charge, that she timely exhausted her administrative remedies as to her "failure to accommodate claims" under the ADA and the TCHRA.  As a result, Defendant's Partial Motion to Dismiss under Rule 12(b)(1) and 12(b)(6) should be denied.

---

[4] *Ramming v. U.S.,* 281 F.3d 158 (5th Cir. Tex. 2001).
[5] *Crane v. Napolitano*, 920 F.Supp.2d 724, 732 (N.D. Tex. 2013); citing *Ramming*, 281 F.3d at 161.
[6] *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th. Cir. Tex. 2011).
[7] *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[8] *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).
[9] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[10] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).
[11] *Iqbal*, 556 U.S. at 675.
[12] *Bowers v. Nicholson*, 271 Fed. App'x. 446, 448 (5th Cir. 2008).

# IV.      ARGUMENT

7.      Title VII requires employees to exhaust their administrative remedies before seeking judicial relief.[13]  Private sector employees must satisfy this requirement by filing an administrative charge with the EEOC.[14]  The charge enables the EEOC to investigate and, if appropriate, negotiate a resolution with an employer. Only after administrative efforts terminate may the employee sue the employer in federal court.

8.      Courts should not condone lawsuits that exceed the scope of EEOC exhaustion, because doing so would thwart the administrative process and peremptorily substitute litigation for conciliation.[15]  Nevertheless, competing policies underlie judicial interpretation of the exhaustion requirement.[16]  On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII "was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship."[17]  On the other hand, the "primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims."[18]  To reconcile these policies, the Fifth Circuit construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination because[19]

> The Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom [represented by] lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose

---

[13] *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264 (5th Cir. 2008).
[14] *Id.*
[15] *Id.* (*Citing See Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006), cert. denied, 549 U.S. 888, (2006)).
[16] *Id.*
[17] *Id.* (*Citing Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 465 (5th Cir. 1970)).
[18] *Id.* (*Citing Pacheco*, 448 F.3d at 788–89).
[19] *Id.* (*Citing Sanchez*, 431 F.2d at 466).

that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected.... [A] cause of action for Title VII employment discrimination may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.[20]

9.      Therefore, the Fifth Circuit uses a "fact-intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance.[21]   Accordingly, a complaint to the EEOC is not limited by its express words, but is "limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination."[22]   In sum, a Title VII lawsuit may include allegations "like or related to allegation[s] contained in the [EEOC] charge and growing out of such allegations during the pendency of the case before the Commission."[23]

10.      Defendant's Motion asserts that Plaintiff "made no mention of any requests for accommodation in her Charge of Discrimination."[24]   However, Ellis' Charge states that she requested time off of work to undergo surgery for a brain tumor.[25]   Specifically, her Charge states "[a]s a result of her brain tumor and surgery to remove it, Mrs. Ellis was granted FMLA leave. It is believed that Mr. Paul and ECFMG were angered by Mrs. Ellis taking FMLA leave and additionally developed the perception that Mrs. Ellis would have been disabled from her brain surgery and proceeded to take steps to ensure that she would be unable to return to ECFMG's employment."[26]

---

[20] *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 821-22 (Tex. App.—Austin 2009, no pet.) (citing *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 450 (5th Cir.1983)).
[21] *McClain*, 519 F.3d at 273 (*Citing Sanchez*, 431 F.2d at 466).
[22] *Poindexter*, 306 S.W.3d at 821-22 (citing *Fellows*, 701 F.2d at 450).
[23] *McClain*, 519 F.3d at 273 (*Citing Sanchez*, 431 F.2d at 466).
[24] (Doc. 6 at p. 2)
[25] Ex. A, Plaintiff's EEOC Charge, at p. 2-3.
[26] *Id.*

11.     Additionally, Plaintiff's answer to questions number twelve of her EEOC Intake Questionnaire clearly enunciates her "failure to accommodate" claims as she answered[27]

**12. Did you ask your employer for any changes or assistance to do your job because of your disability?**

Yes ☒   No ☐

If "YES", when did you ask? <u>on or about 10/22/2012</u>      How did you ask (verbally or in writing)? <u>Verbally</u>

Who did you ask? (Provide full name and job title of person)

Sharon Roman-Trowell, Human Resources Manager

Describe the changes or assistance that you asked for:
I told my human resource manager that I needed work half days during my first week back to work beginning October 22, 2012, per a discussion with my doctor. I also informed her that the doctor ordered me to stay away from any stressful situations.

How did your employer respond to your request?
I was not provided with the opportunity to work half days. The day I returned to work, I was put in a stressful situation. (Please See Charge of Discrimination) [28]

Moreover, Plaintiff reiterated her "failure to accommodate" claims in her Rebuttal to Defendant's Position Statement.[29]   Specifically, her rebuttal states, "In short, not only did ECFMG or its agents discriminate against Ms. Ellis due to her race, those same agents/employees also retaliated against her for taking FMLA leave, interfered with Ms. Ellis's plans to take further FMLA leave, and terminated her for requesting reasonable ADA accommodations as well as because of her actual and perceived disabilities."

12.     In sum, Plaintiff asserted the claim in each phase of the EEOC process from the Intake Questionnaire to the Charge and in the Rebuttal.  Therefore, Ellis' initial charges were so related to her request for accommodation that they were within the scope of the EEOC investigation because they grew out of the EEOC's investigation of her EEOC Charge.  As such, Plaintiff exhausted her administrative remedies for "failure to accommodate" claims because she referenced them in her Charge of Discrimination as well as in her Intake Questionnaire and in her Rebuttal.  Thus, she has properly stated her "failure to accommodate" claims, which are

---

[27] Ex. B, Plaintiff's EEOC Intake Questionnaire, at p. 4.
[28] Ex. B, Plaintiff's EEOC Intake Questionnaire, at p. 4.
[29] Ex. C, Plaintiff's Rebuttal to Respondent's Position Statement, at pp. 12, 13 and 15.

legally cognizable.  Accordingly, this Court has subject matter jurisdiction over and the power to adjudicate such claims.

## V.        REQUEST FOR ATTORNEYS' FEES

13.    The Court can impose sanctions if a document has been presented for an improper purpose (e.g., to harass or to cause unnecessary delay or expense).[30]  The Court can impose a sanction in any of the following circumstances:

> a)  if a legal contention is unjustified or has absolutely no chance of success;[31]
>
> b)  if a party or attorney, instead of acknowledging unfavorable precedent and seeking to over turn it, simply ignores it;[32] and
>
> c)  if the factual contentions lack evidentiary support or are unlikely to have evidentiary support after a reasonable opportunity for investigation or discovery.[33]

14.    Additionally, the Court may require an attorney who multiplies the proceedings unreasonably and vexatiously to pay the excess cost, expenses and attorney fees incurred because of the conduct.[34]  Moreover, the Court has inherent power to sanction a person for certain bad-faith conduct.[35]

15.    After Plaintiff reviewed Defendant's Motion, Plaintiff notified Defendant of the absence of a factual and/or legal basis for Defendant's Motion.[36]  Defendant's counsel indicated that it was unaware of the contents of Plaintiff's submissions to the EEOC. Specifically, counsel for the Defendant indicated that she had not seen the EEOC rebuttal statement or the EEOC

---

[30] Fed. R. Civ. Pro. 11(b)(1); *Mercury Air Grp. V. Mansour*, 237 F.3d 524, 548 (5th Cir. 2001).
[31] *Corroon v. Reeve*, 258 F.3d 86, 92 (2nd Cir. 2001).
[32] *Brunt v. Service Empls. Int'l Un.*, 284 F.3d 715, 721 (7th Cir. 2002).
[33] Fed. R. Civ. Pro. 11(b)(1); *Mercury Air*, 237 F.3d at 548.
[34] 28 U.S.C. § 1927; *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).
[35] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002).
[36] Ex. D, August 27, 2014 email exchange between Plaintiff's counsel and Defendant's counsel.

intake questionnaire.  At Defendant's request, Plaintiff provided Defendant with the evidence and legal standard set for above.[37]  Plaintiff provided Defendant with a copy of Plaintiff's EEOC Intake Questionnaire and Rebuttal, attached hereto as Exhibit B and Exhibit C, and pointed to specific language in the Charge.

16.     Defendant acknowledged receipt of the documents and agreed to consider withdrawing its Motion.[38]  However, Defendant failed to communicate with Plaintiff regarding the same until approximately 4:00 pm on the day before Plaintiff's response was due, September 25, 2014, when Defendant left a voice message for Plaintiff that Defendant refused to withdraw its Motion.

17.     Whereas here, a party or an attorney advocates a legally unjustified position or the factual contentions that lack evidentiary support and multiplies the proceedings unreasonably and vexatiously the Court should require them to pay the excess cost, expenses and attorney fees incurred because of the conduct.[39]

## VI.     CONCLUSION

18.     For all the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Partial Motion to Dismiss Plaintiff's ADA and TCHRA "failure to accommodate" claims.  Plaintiff alternatively prays for an opportunity for discovery and/or an opportunity to amend, as the Court deems appropriate.  Plaintiff further prays that she be awarded the excess cost, expenses and attorney fees incurred because of Defendant's unreasonable and vexatious multiplication of these proceedings, as well as, all such other and further relief to which she is entitled.

---

[37] Ex. E, September 16 and 17, 2014 email exchange between Plaintiff's counsel and Defendant's counsel.
[38] *Id.*
[39] Fed. R. Civ. Pro. 11(b); 28 U.S.C. § 1927; *Mercury Air*, 237 F.3d at 548;  *FDIC v. Conner*, 20 F.3d at 1384.

Respectfully Submitted,



/s/ Terrence B. Robinson
Terrence B. Robinson
Texas SBN: 17112900
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
Terrence.Robinson@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL**

Brian J. Levy
Texas SBN: 24067728
KENNARD, BLANKENSHIP, AND ROBINSON, P.C.
5433 Westheimer Road, Suite 825
Houston, Texas 77056
713.742.0900 (main)
713.742.0951 (facsimile)
Brian.Levy@kennardlaw.com

**CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing was served on all Defendants via the Court's CM/ECF system on September 26, 2014.

Erin E. O'Driscoll
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4200
Houston, Texas 77002

/s/ *Terrence B. Robinson*
Terrence B. Robinson