**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ARTIS ELLIS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 4:14-CV-02126 |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| DEFENDANT. | § | |

**DEFENDANT'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS FOR**
**LACK OF SUBJECT MATTER JURISDICTION UNDER RULE 12(b)(1)**
**AND FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED**
**UNDER RULE 12(b)(6)**

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") files

this Reply in support of its Partial Motion to Dismiss under Federal Rules of Civil Procedure

Rule 12(b)(1) and 12(b)(6) (Doc. 6) seeking dismissal of Artis Ellis's failure to accommodate

claim filed under the Americans with Disabilities Act ("ADA") and the Texas Commission on

Human Rights Act ("TCHRA").

In response to ECFMG's Partial Motion to Dismiss, Ellis makes three arguments.  First,

though she does not mention the words "accommodation," or "accommodate," or "fail," or

"failure" in reference thereto in her Charge of Discrimination, Ellis nevertheless claims that she

refers to an accommodation in her Charge by mentioning that ECFMG granted her Family and

Medical Leave Act ("FMLA") leave.  Doc. 8 at ¶ 10.  Second, Ellis argues that she exhausted her

administrative remedies because she mentions a failure to accommodate in her unsworn intake

questionnaire provided to the EEOC.  *Id*. at ¶ 11.  Third, Ellis argues that she exhausted her

failure to accommodate her alleged disability claim because she addresses this claim in her

rebuttal to ECFMG's statement of position.  *Id*. at ¶ 11.  As set forth in detail below, none of these arguments defeat ECFMG's Partial Motion to Dismiss and Ellis's failure to accommodate claim should be dismissed as a result.

A.      **Ellis Never Mentions or Comes Close to Mentioning a Failure to Accommodate her Alleged Disability in her Charge of Discrimination.**

Ellis failed to allege any fact supporting a claim of failure to accommodate a disability in her Charge of Discrimination.   Doc. 6 at Ex. A.   Even if she had mentioned the word "accommodate," that would have been insufficient to expand the scope of her claims as the court held in *Capozzelli v. Allstate Ins. Co.*, No. 2:13-cv-00269, 2014 WL 786426, at *4 (E.D. Tex. Feb. 25, 2014).  Ellis did not even do that.  Ellis's description of her surgery, time off from work, or FMLA leave, do not in any way relate to a failure to accommodate claim.  If anything, these allegations relate to her FMLA claim, a claim not required to be brought before the EEOC or exhausted.  Because factual statements are such a major element of a charge of discrimination, courts will <u>not</u> construe the charge to include facts that were initially <u>omitted</u>.  *See Harris v. Honda*, 213 Fed. Appx. 258, 261 (5th Cir. 2006) (citing *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).

B.      **Supplemental Documents Outside the Charge of Discrimination Should Not Be Considered when Determining Whether a Claim Has Been Properly Exhausted.**

The favored approach that courts use when deciding whether to consider materials supplemental to the charge of discrimination such as intake questionnaires submitted to the EEOC, is the following two-pronged test: (1) the facts set out in the questionnaire are a reasonable consequence of a claim set forth in the EEOC charge; and (2) the employer had actual knowledge of the contents of the document during the course of the EEOC investigation.  *See Lopez v. Texas State Univ.*, 368 S.W.3d 695, 705 (Tex. App.—Austin 2012, pet. denied) (citing

*Harris*, 213 Fed. Appx. at 261–62.  As in the factually similar cases cited below, Ellis does not

meet either prong of the two-prong test.

> **1.     Ellis's Failure to Accommodate Claim is Not a Reasonable Consequence of Facts Contained in Her EEOC Charge.**

Ellis does not satisfy the first prong of the supplemental documents test.  As noted in

ECFMG's Partial Motion to Dismiss, *Capozzelli* requires plaintiffs to separately exhaust a failure

to accommodate claim at the administrative charge stage.  Doc. 6, p. 6; *see Capozzelli*, 2014 WL

786426, at \*4.  The court must determine whether such a claim is within the scope of the EEOC

investigation which "can reasonably be expected to grow out of the charge of discrimination."

*Id.* at \*3 (holding that the plaintiff failed to exhaust administrative remedies on a failure to

accommodate claim when the plaintiff omitted allegations from his charge related to his request

for an accommodation upon return from leave after surgery).  Ellis's allegation in her Charge

that she had surgery for which ECFMG granted her leave, without more, does not satisfy Ellis's

burden of proving that a denial of a request for accommodation was a reasonable consequence of

her charge.  *Id.*  As the cases set forth below establish, courts routinely disregard supplemental

documents to the EEOC charge, like the intake questionnaire, when the facts are not a reasonable

consequence of the facts alleged in the charge.

This Court in *Martin v. Tyson Foods, Inc.*, addressed these issues using the two-pronged

test under facts similar to the case at bar.  *See Martin v. Tyson Foods, Inc.*, No. H-10-2047, 2011

WL 1103657, \*3 (S.D. Tex. Mar. 23, 2011) (J. Harmon).  Even though additional facts to

support the plaintiff's claims were alleged in an intake questionnaire, because those facts were

not a reasonable consequence of the facts alleged in the charge, this Court dismissed the claims.

That is, Martin's sex, national origin, and religious discrimination claims were not reasonable

consequences of any facts alleged in her EEOC charge, since her charge focused on her race and

disability claims.  *Id.*  As a result, this Court did not consider the supplemental documents that Martin submitted to the EEOC—namely a demand letter and an intake questionnaire—in determining whether all of her claims were exhausted.  *Id.*

The court in *Novitsky* considered virtually identical facts when evaluating exhaustion of administrative remedies in the context of a failure to accommodate claim.  *See Novitsky v. Am. Consulting Eng'g L.L.C.*, 196 F.3d 699, 702 (7th Cir. 1999); *Kojin v. Barton Protective Serv.*, 339 F. Supp. 2d 923, 928-29 (S.D. Tex. 2004) (relying on *Novitsky* and dismissing age and hostile work environment claims because those claims were not included in the charge of discrimination even though facts supporting those claims were included in the intake form).  The *Novitsky* court did not allow the plaintiff to proceed with her failure to accommodate claim because it was not reasonably related to the claims raised in her EEOC charge, even though she alleged additional facts supporting a failure to accommodate claim in her intake questionnaire.  Despite the additional information located in the intake questionnaire, Novitsky's charge only alleged that Novitsky was wrongfully discharged on the basis of her age and her religion.  *Id.* The court aptly stated, "under the statute, . . . it is the charge rather than the questionnaire that matters.  42 U.S.C. § 2000e-5(b).  Only the charge is sent to the employer, and therefore only the charge can affect the process of conciliation."  *Id.* at 702.  "To treat Intake Questionnaires willy-nilly as charges would be to dispense with the requirement of notification of the prospective defendant, since that is a requirement only of the charge and not the questionnaire."  *McCray v. DPC Indus., Inc.*, 942 F. Supp. 288, 295 (E.D. Tex. 1996) (quoting *Early v. Bankers Life and Casualty Co.*, 959 F.2d 75, 80 (7th Cir. 1992)).

*Lopez v. Texas State University* is another case directly on point.  *See Lopez,* 368 S.W.3d at 705.  Though Lopez alleged facts in her intake form supporting retaliation claims, she failed to

allege those same facts in her charge of discrimination.  *Id.*  The court dismissed four of Lopez's

five retaliation claims as a result of this failure.  *See Lopez*, 368 S.W.3d at 705.  Lopez requested

that the court consider her intake questionnaire "for further amplification of her claims" since it

was executed *contemporaneously* with her charge of discrimination, but the court refused.  *Id.* at

704.[1]

Simply put, and as the above cases demonstrate, Ellis cannot cure the deficiencies in her

charge of discrimination by relying on her intake questionnaire or other unsworn document of

which ECFMG was not provided a copy.  Dismissal of Ellis's failure to accommodate claim is

warranted because this additional claim was not a necessary consequence of the allegations

raised in her charge.  Doc. 6 at Ex. A.

> **2.      ECFMG Lacked Knowledge of the Contents of Ellis's Intake Questionnaire and Rebuttal During the EEOC Investigation.**

In the event this Court somehow finds that Ellis satisfied the first prong above, in spite of

the contrary and directly on point case law addressing the issue, Ellis must also satisfy the

second  prong  of  the  test—that  ECFMG  had  actual  knowledge  of  the  contents  of  the

questionnaire during the course of the EEOC investigation.  Ellis, however, fails to even argue,

let alone prove, her burden on this point.  *See McCray*, 942 F. Supp. at 295 ("Regardless of what

McCray's intake questionnaire or its attachment says, McCray has provided no evidence that

DPC ever had access to his questionnaire or otherwise received notice from the EEOC that he

was asserting a claim for retaliation.").[2]

---

[1]      The court did not evaluate the employer's knowledge of the additional claims, since those claims were not a reasonable consequence of a claim set forth in the EEOC charge.  *Id.*

[2]      *Johnson v. MBNA Hallmark Info. Serv., Inc*., 2003 WL 21418670, *2-3 (N.D. Tex. June 16, 2003) (holding that defendant "was never given the opportunity to comply with Title VII or engage in conciliation with the EEOC regarding these claims" since it had never received a copy of the questionnaire submitted to the EEOC until it was produced during discovery after the lawsuit was filed).

ECFMG had no notice that the EEOC was investigating a claim based on a failure to accommodate (if it in fact did), since it was never provided the questionnaire during the administrative proceeding, never provided the rebuttal letter, and the investigator never asked for any information whatsoever related to a denial of a request for accommodation.  The only document that ECFMG received from the EEOC detailing Ellis's claims during the course of the investigation was Ellis's Charge of Discrimination.  Doc. 6 at Ex. A.  Ellis does not allege otherwise in her response.  Doc. 8.  Simply stated, ECFMG had no opportunity to address and conciliate a failure to accommodate claim at the EEOC stage because it had no knowledge that this claim was being alleged.  Ellis's claim should be dismissed on this basis as well.

**C.      Ellis's Unsworn Supplemental Evidence of her Failure to Accommodate Claim Should Be Disregarded.**

The TCHRA and the ADA specifically require that an administrative charge be *sworn and made under oath*.  *See* TEX. LAB. CODE §21.201(b); 42 U.S.C. § 12117(a) (noting that the ADA adopts the exhaustion of administrative remedies requirement of Title VII); *Norwood v. Litwin Eng'rs. & Constructors, Inc.*, 962 S.W.2d 220, 222 (Tex. App.—Houston [1st Dist.] 1998, writ denied) (holding that the TCHRA requires a charge to be made under oath in order to discourage false claims).  "To consider an unsworn questionnaire as a matter of course in determining whether a claim could reasonably be expected to grow out of the administrative agency's investigation would require [the courts] to ignore this statutory requirement." *See Lopez*, 368 S.W.3d at 705.  The EEOC's regulations also require the charge to be "in writing and signed and verified."  *See* 29 C.F.R. § 1601.9.  Because Ellis's intake questionnaire is not sworn under oath, this supplemental document should not be considered part of her sworn charge of

discrimination based on the explicit statutory language of TCHRA and the ADA.[3]  *See Lopez*, 368 S.W.3d at 705.

**D.      Ellis's Request for Costs and Fees Should Be Denied.**

Ellis's unfounded request for costs and fees incurred in responding to ECFMG's motion should be denied.  "The Fifth Circuit has not definitively ruled on whether a questionnaire, or notes attached to it, can be considered in analyzing whether administrative remedies have been exhausted."  *Evans-Rhodes v. Northwest Diagnostic Clinic, P.A.*, No. 4:13-cv-01626, 2014 WL 645361, *4 (S.D. Tex. Feb. 19, 2014) (dismissing hostile work environment claim for failure to allege supporting facts in charge and employer lacked notice of allegations).  On this basis alone, Ellis's request for sanctions is improper.  Ellis's sanctions request is even more improper in light of all the cases cited above and in ECFMG's Partial Motion to Dismiss, including a case from this court, that refuse to consider supplemental documents in the exhaustion inquiry.

In light of the foregoing, ECFMG respectfully requests that this Court deny Plaintiff's request for fees and costs and grant its Partial Motion to Dismiss for lack of subject-matter jurisdiction.

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
State Bar No. 24002870
Federal ID No. 22861
smoll@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

---

[3]      For this same reason, the Court should not consider Plaintiff's unsworn rebuttal to ECFMG's Statement of Position.

Of Counsel:

Erin E. O'Driscoll
State Bar No. 240460
Federal ID No. 582983
eodriscoll@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of October 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terrence B. Robinson
Brian J. Levy
KENNARD BLANKENSHIP ROBINSON P.C.
5433 Westheimer, Ste. 825
Houston, Texas 77056

/s/ Stefanie R. Moll
Stefanie R. Moll

DB1/ 80814271.3

8