IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS ELLIS, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION FOR | § | 4:14-CV-02126 |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| DEFENDANT. | § | |

**JOINT REPORT OF THE MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   **The parties conferred via phone on October 27, 2014. Counsel attending were as follows:**

   **Counsel for Plaintiff, Brian Levy.
   Counsel for Defendant, Erin E. O'Driscoll.**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **None.**

3. Specify the allegation of federal jurisdiction.

   **This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 because Plaintiff has alleged claims arising under a federal statute, specifically the Americans with Disabilities Act, 42 U.S.C. § 12117 and the Family and Medical Leave Act, 29 U.S.C. §12203. This Court also has supplemental jurisdiction over Plaintiff's state claim under the Texas Commission on Human Rights Act, Texas Labor Code Chapter 21 pursuant to 28 U.S.C. §1367(a).**

4. Name the parties who disagree and the reasons.

   **None.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

1

**None.**

6. List anticipated interventions.

   **None.**

7. Describe class–action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **The parties stipulate that they will make their initial disclosures by December 3, 2014.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Rule 26(f)(1)

   What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made.

   **None.**

   Rule 26(f)(2)

   The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

   **The parties agree that discovery will be needed on the issues of liability and damages. This is a single Plaintiff employment case. Discovery should be completed by November 6, 2015.**

   Rule 26(f)(3)

   Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

   **None at this time.**

   Rule 26(f)(4)

2

Any issues relating to claims of privilege or of protection as trial-preparation material, including—if the parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in an order.

**None.**

Rule 26(f)(5)

What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

**None.**

Rule 26(f)(6)

Any other orders that should be entered by the court under Rule 26(c) or under Rule 16(b) and (c).

**None.**

B.   When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates sending interrogatories to Defendant prior to the expiration of the discovery period.**

C.   When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates sending interrogatories to Plaintiff prior to the expiration of the discovery period.**

D.   Of Whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates taking Defendant's Corporate Representative's oral deposition after receipt of Defendant's responses to written discovery. Prior to the scheduled discovery deadline, Plaintiff may also depose Plaintiff's former supervisor and third parties identified in Defendant's Initial Disclosures.**

E.   Of Whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates taking Plaintiff's oral deposition after receipt of Plaintiff's responses to written discovery. Prior to the scheduled discovery deadline, Defendant may also depose third parties identified in Plaintiff's Initial Disclosures.**

F.   List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Prior to the scheduled discovery deadline, Plaintiff anticipates deposing any experts timely designated by Defendant after receipt of the expert reports.**

 G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

**Prior to the scheduled discovery deadline, Defendant anticipates deposing any experts timely designated by Plaintiffs after receipt of the expert reports.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

**None.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12. State the date the planned discovery can reasonably be completed.

**The parties anticipate that discovery can reasonably be completed by November 6, 2015.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties anticipate exploring the possibility of settlement after the completion of initial discovery, including initial disclosures, Plaintiff's deposition, written discovery, and third party record requests.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**As discussed in Paragraph 13, the parties anticipate engaging in settlement discussions after initial discovery.**

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**The parties may be amenable to mediation if, after the completion of initial discovery, it appears that mediation would assist in bringing about a mutually acceptable resolution.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not consent to a trial before a magistrate judge.**

4

17. State whether a jury demand has been made and if it was made on time.
    **Plaintiff timely requested a jury trial.**

18. Specify the number of hours it will take to present the evidence in this case.

    **The parties anticipate that it will take approximately 24-30 hours to present evidence in this case.**

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **Defendant's Motion to Dismiss Plaintiff's failure to accommodate claim for lack of subject-matter jurisdiction and failure to exhaust administrative remedies.**

20. List other motions pending.

    **None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    **None.**

23. List the names, bar numbers, addresses, and telephone numbers of all counsel.


Respectfully submitted,

/s/ Stefanie R. Moll
Stefanie R. Moll
State Bar No. 24002870
Federal ID No. 22861
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 – Telephone
(713) 980-5001 – Facsimile
smoll@morganlewis.com

Of Counsel:

Erin E. O'Driscoll
State Bar No. 240460
Federal ID No. 582983
MORGAN, LEWIS & BOCKIUS, LLP

/s/ Terrence B. Robinson
Terrence B. Robinson
State Bar No. 17112900
Federal ID No. 14218
5433 Westheimer Road, Suite 825
Houston, Texas 77002
(713) 742-0900 – Telephone
(713) 742-0951 – Facsimile
Terrence.Robinson@kennardlaw.com

Of Counsel:

Brian J. Levy
State Bar No. 24067728
Federal ID No. 1109283
KENNARD BLANKENSHIP ROBINSON P.C.

| | |
|---|---|
| 1000 Louisiana, Suite 4000<br>Houston, Texas 77002<br>(713) 890-5000 – Telephone<br>(713) 890-5001 – Facsimile<br>eodriscoll@morganlewis.com | 5433 Westheimer Road, Suite 825<br>Houston, Texas 77056<br>(713) 742-0900 – Telephone<br>(713) 742-0951 – Facsimile<br>Brian.Levy@kennardlaw.com |
| ATTORNEYS FOR DEFENDANT,<br>EDUCATIONAL COMMISSION FOR<br>FOREIGN MEDICAL GRADUATES | ATTORNEYS FOR PLAINTIFF,<br>ARTIS ELLIS |

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Terrence B. Robinson
Brian J. Levy
KENNARD BLANKENSHIP ROBINSON P.C.
5433 Westheimer, Ste. 825
Houston, Texas 77056


/s/ *Stefanie R. Moll*
Stefanie R. Moll

DB1/ 81036066.1

6