# EXHIBIT 17

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS ELLIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:14-cv-02126 |
| | § | |
| EDUCATIONAL COMMISSION OF FOREIGN MEDICAL GRADUATES, | § § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF BETTY LEHEW

My name is Betty LeHew.  I declare that the following is true and correct in accord with the requirements of 28 U.S.C. Section §1746.  I am over 18 years of age and I am competent to testify to these facts.  The facts stated herein are known to me based on my personal knowledge and on the business records of Educational Commission of Foreign Medical Graduates, and I hereby swear as follows:

1. My name is Betty LeHew.  I am the Vice President of Human Resources for Educational Commission of Foreign Medical Graduates ("ECFMG"), and I have been in this position since September of 2000.  As such, I am a custodian of records for personnel records, other employment-related records, and business records of ECFMG.

2. I have reviewed the below numbered Exhibits attached to ECFMG's Motion for Summary Judgment and these Exhibits are documents created and maintained by ECFMG in the usual course of its business.  It was in the regular course of business for an employee, with knowledge of the acts, events, and opinions recorded, to make these records or to transmit information to be included in such records.  These records were made at or near the time or reasonably soon after the event described in the document.  These records are the originals or exact duplicates of the originals.

3. Heidi Strom and David Strom worked in the Houston Center for ECFMG.  Heidi was a receptionist and David was a Standardized Patient Trainer.  Although they dated and then married, the Stroms did not supervise one another, nor did they report to one another.  Both of the Stroms reported to Artis Ellis as Houston Center Manager.  Ellis never reported any relationship that she believed was a violation of the Relationships in the

    Workplace Policy, nor am I aware of any such violations of policy, other than Ellis's violation.

4. Similarly, Ellis never reported any violations of the Data Security Password Policy, nor am I aware of any such violations of policy, other than Ellis's violation.

5. Ellis was the highest ranking manager in the Houston Center and responsible for training and implementing ECFMG policies. If Ellis was aware of any policy violations in the Houston Center (i.e. the Data Security Policy or Relationships in the Workplace Policy or otherwise) she should have addressed the violations directly as the manager or brought them to my or ECFMG leadership's attention. She did neither.

6. While Ellis was on leave in the fall of 2012, we needed to fill the Assistant Center Manager position that was left vacant by Brent Biggs, as a result of his resignation earlier in August that year. We wanted to consider a perspective candidate who applied for the position. I suggested to Chris Paul, ECFMG Director, that we invite Ellis and give her the option to attend the interview so that she could offer any input into whether she thought the candidate would be a good fit for the Houston Center. Because the Assistant Center Manger works closely with the Center Manager, we wanted to be sure she had an opportunity to weigh in on whether she thought the candidate would be a good fit as her Assistant Manager when she returned. She decided not to attend the interview.

7. The below exhibits to ECFMG's Motion for Complete Summary Judgment are ECFMG's business records:

| Exhibit No. | Description |
| --- | --- |
| 2. | Plaintiff's Offer Letter 2005 |
| 3. | Promotion Letter to Plaintiff 2008 |
| 7. | Employee Handbook |
| 8. | Relationship Policy |
| 9. | Data Policy |
| 10. | Certification Policy |
| 11. | Clinical Skills Evaluation Collaboration, Confidentiality, and Non-Disclosure Agreement |
| 12. | EEOC Policy |
| 13. | Assistant Center Manager Job Description |
| 14. | Jackie Bryant Personnel Documents |
| 15. | Center Manager Job Description |
| 16. | Troi Bryant Personnel Documents |
| 19. | Email: Regarding Color of Memo |
| 20. | August 23, 2012 Memorandum Corrective Action to Ellis |
| 21. | Emails regarding Plaintiff's Complaints |
| 22. | Exit Interviews |
| 23. | Anonymous Letter |

| Exhibit No. | Description |
|---|---|
| 24. | Emails between Nancy Ambrose and Ellis regarding certification of exam |
| 25. | Email Re: September Certification with Nancy Ambrose |
| 26. | Email on leave Fantastic Team |
| 27. | Letter to return to work |
| 28. | Fitness for duty |
| 29. | List of Houston Concerns — Ambrose Investigation Notes |
| 31. | Helen Coin Notes |
| 32. | SP Pay Policy & Dress Code |
| 35. | FMLA Leave Documents |
| 37. | Kronos Showing Paid Administrative Leave for 10/22-11/1 |

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Signed this 7th day of October, 2016.

*Betty Lelley* (signature)
Betty Lelley