Exhibit "J"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS ELLIS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| EDUCATIONAL COMMISSION OF | § | 4:12-cv-02126 |
| FOREIGN MEDICAL GRADUATES, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS AND ANSWERS TO
## PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:   Plaintiff, Artis Ellis, by and through her attorneys of record, Terence B. Robinson and Brian J. Levy, KENNARD BLANKENSHIP ROBINSON P.C., 5433 Westheimer, Suite 825, Houston, Texas 77056.

Pursuant to the Texas Rules of Civil Procedure, Educational Commission of Foreign

Medical Graduates serves its Objections and Answers to Plaintiff's First Set of Interrogatories.

Respectfully submitted,

*/s/ Stefanie R. Moll*
Stefanie R. Moll
State Bar No. 24002870
Federal ID No. 22861
smoll@morganlewis.com
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 - Facsimile

Of Counsel:
Erin E. O'Driscoll
State Bar No. 240460
Federal ID No. 582983
eodriscoll@morganlewis.com
MORGAN, LEWIS & BOCKIUS, LLP
1000 Louisiana, Suite 4000
Houston, Texas 77002
(713) 890-5000 - Telephone
(713) 890-5001 – Facsimile

ATTORNEYS FOR DEFENDANT
EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of February 2015, the foregoing was served via certified mail return receipt requested to the following:

Terrence B. Robinson
Brian J. Levy
KENNARD BLANKENSHIP ROBINSON P.C.
5433 Westheimer, Suite. 825
Houston, Texas 77056

ATTORNEYS FOR PLAINTIFF


*/s/ Erin E. O'Driscoll*
Erin E. O'Driscoll

2

## GENERAL OBJECTIONS

The following General Objections apply to each of Plaintiff's Interrogatories and are expressly incorporated by reference as part of the responses to each of the Interrogatories. These responses are subject to and do not waive the following General Objections, regardless of whether a General Objection or specific objection is stated in the response.

1.    The responses made herein to Plaintiff's Interrogatories, and any documents provided in response in no way waive:

(a)    ECFMG's objections to competency, relevancy, materiality, privilege or admissibility of any such Interrogatories, or of any document or information referred to or produced pursuant to the Interrogatories;

(b)    ECFMG's objections to the use of such documents, or to the subject matter thereof, in any proceeding, including the trial of this or any other action; or

(c)    ECFMG's objections to any other or future discovery requests.

2.    Any response to any Interrogatories, or a part thereof, is not intended to be and shall not be deemed a waiver of the attorney-client privilege, the work product rule, or any other applicable privilege.

3.    ECFMG objects to Plaintiff's Interrogatories to the extent that they are overbroad as to time and scope and/or to the extent that they purport to require the production of information and documents which are not within ECFMG's possession, custody or control; are immaterial; are irrelevant; and/or which are not reasonably calculated to lead to the discovery of admissible evidence in this action.

4.    ECFMG's responses are based only upon such information and documents as are presently available to ECFMG.  ECFMG expressly reserves the right to supplement and/or amend its responses and objections to Plaintiff's Interrogatories as may be appropriate in light of additional information and/or documents obtained or reviewed in connection with its continuing investigation of this case, and to use such information or documents in any hearing or proceeding.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please describe in detail the job title(s)/position(s) Plaintiff held with Defendant, including the dates Plaintiff held each title/position; Plaintiff's rate of pay for each title/position; the minimum qualifications of the title/position; the duties and responsibilities of each title/position; and the essential functions for each title/position.

**ANSWER: Defendant objects to this Interrogatory as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to and without waiving the foregoing objections, Defendant hired Plaintiff as an Assistant Manager on April 8, 2005. Plaintiff was promoted to Acting Center Manager on October 27, 2008, and promoted to Center Manager on January 26, 2009. Pursuant to Federal Rule of Civil Procedure 33(d)(1), the remaining answers to this Interrogatory may be derived or ascertained from Plaintiff's personnel file, and Defendant is producing these documents in lieu of a narrative.**

**INTERROGATORY NO. 2:**

Identify the person(s) who now hold(s) Plaintiff's former position or those person(s) who otherwise assumed Plaintiff's job duties. For purposes of this Interrogatory, please state whether the individuals you identify have a disability or have ever requested reasonable accommodation(s) for a disability or have requested or taken leave pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), and state whether he or she has ever complained of discrimination.

**ANSWER: Defendant objects to the extent this Interrogatory because it assumes facts not in evidence as Plaintiff never complained of discrimination while she was employed by Defendant, nor did she request an accommodation or have a disability. Defendant further objects because this Interrogatory invades the privacy of an individual who is not party to this lawsuit.**

**Subject to and without waiving the foregoing objections, Defendant states that Sandie Pullen replaced Plaintiff as Center Manager at the Houston Center. ECFMG is not aware of any disability that Ms. Pullen had or may have. Moreover, Ms. Pullen has not made an accommodation request, taken leave pursuant to the FMLA, or made any complaint of discrimination made.**

**INTERROGATORY NO. 3:**

Identify all individuals or officials who were involved in any decisions related to Plaintiff's request(s) for reasonable accommodations, including leave under the FMLA, describing for each their involvement.

**ANSWER: Defendant objects to this Interrogatory as overbroad, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further**