# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ARTIS ELLIS, | § § § | |
| PLAINTIFF | § | |
| VS. | § § | CASE NO. 4:14-CV-02126 |
| EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES | § § § | JURY DEMANDED |
| DEFENDANT, | § | |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,



*/s/ Alfonso Kennard Jr.*  _____
Alfonso Kennard, Jr.
Texas Bar No.: 24036888
Southern District Bar No: 713316
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
ATTORNEY-IN-CHARGE FOR PLAINTIFFS

OF COUNSEL FOR PLAINTIFF:



Keenya R. Harrold
Texas Bar No. 24039664
Southern District No. 897938
keenya.harrold@kennardlaw.com
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ARTIS ELLIS,** § | | |
| § | | |
| **PLAINTIFF** § | | |
| VS. § | | |
| § | **CASE NO. 4:14-CV-02126** | |
| **EDUCATIONAL COMMISSION FOR** § | | |
| **FOREIGN MEDICAL GRADUATES** § | | |
| § | **JURY DEMANDED** | |
| **DEFENDANT,** § | | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Artis Ellis ("Plaintiff" or "Ellis") respectfully submits her Sur-Reply to Defendant Educational Commission for Foreign Medical Graduates' ("Defendant" or "ECFMG") Reply to Plaintiff's Response to its Motion for Summary Judgment. As set forth in Plaintiff's Response and herein[1], Defendant has not met its initial summary judgment burden and multiple genuine issues of material fact exist. Accordingly, Defendant is not entitled to summary judgment as a matter of law, and its Motion for Summary Judgment ("Motion") must be denied. Plaintiff solely addresses the issues raised in Defendant's Reply as follows:

### I.   INTRODUCTION & SUMMARY

First, Defendant's Motion must be denied, because it fails to meet its initial summary judgment burden.[2] Defendant, in its Motion and still in its Reply, woefully <u>fails</u> to demonstrate it is entitled to summary judgment as a matter of law.[3]  It is the moving party's burden to establish

---

[1] Plaintiff solely addresses the claims and arguments made in Defendant's Reply. However, Plaintiff ask that the court review its previous Response and Sur-reply—and deny Defendant's Complete Motion for Summary Judgment.
[2] Fed. R. Civ. P. 56;
[3] *Id*.

that there is "no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."[4]  "If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[5]  Here, regardless of any Response (or sur-rely) by Plaintiff, Defendant's Motion "must be denied."[6]

Simply stated, genuine issues of material fact exist in this case, that are within the province of the jury to decide.  Moreover, factual controversies are to be resolved in favor of the nonmovant, when "…both parties have submitted evidence of contradictory facts."[7]  Here, Defendant's Reply did nothing more than further illustrate the multitude of fact questions at issue in this case.  Moreover, to date, Defendant has yet to provide this Court with a legitimate non-discriminatory reason for its actions against Ms. Ellis—because it cannot.  In its Reply, Defendant continues to provide colorful language and smoke screens to avoid the inevitable—its proffered reason for Ms. Ellis' termination is nothing more than pretext.  Defendant's Motion must be denied, because it fails to meet its initial summary judgment burden.[8]

## II.   POINTS AND AUTHORITY

### A.  Genuine Issues of Material Fact Exist as to Plaintiff's Claims.

First, Defendant would like the Court to believe that Ms. Ellis was reinstated to her position as Center Manager, after she returned from FMLA leave.  As explained in great detail in Plaintiff's response, Defendant relies on two, unpublished Westlaw cases to substantiate its claims that Ms. Ellis was somehow reinstated.  However, a closer review of *Carroll v. Sanderson Farms, Inc.*, No. H10-3108, 2012 WL 3866886 (S.D. Tex Sept. 5, 2012) reveals that the *Carroll* court found that "there are genuine issues of material fact as to whether Defendants intentionally

---

[4] Fed. R. Civ. P. 56
[5] *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[6] *Little*, 37 F.3d at 1075 (citing *Celotex*, 477 U.S. at 322).
[7] *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3188, 111 L.ed.2d 695 (1990).
[8] Fed. R. Civ. P. 56;

discriminated against Plaintiff at least in part based on her disability and for taking FMLA leave." *Carroll*, 2012 WL 3866886 at *20. The court then dismissed Plaintiff's FMLA entitlement claim, because Plaintiff was in fact restored to her position. *Id*. Notably, Defendant elected to cherry-pick two sentences out of *Carroll* to stand for this proposition, however, the facts in *Carroll* are different from the case at bar. Mainly, Ellis was never restored to her position. Plaintiff, as well as Ms. Lehew and Ms. Ambrose testified that Ms. Ellis was met by management as soon as she arrived at ECFMG. (Doc. 35 at Ex. C at p. 153:20-24). Following the meeting with management, she was <u>immediately</u> placed on administrative leave, never allowed to return to ECFMG, and terminated.

Similarly, Defendant's reliance on *Lister v. Nat'l Oilwell Varco, LP*, No. H-11-0108, 2013 WL 5515196 (S.D. Tex. Sept. 2013) is equally misguided mainly because Plaintiff in *Lister* returned to work on November 15, 2011, but he was not terminated until December 1, 2011—making it hard to prove that he was not reinstated in his position given that he worked in his position for approximately two (2) weeks before his termination. That is patently different from what happened in this case. In this case, it is undisputed that Ms. Ellis showed up at ECFMG, took part in a meeting with management and never went to ECFMG again—that can hardly compare to the plaintiff in *Lister* who was allowed to work for a two week period before termination. Ms. Ellis was not allowed to work at all—and there is no evidence to the contrary.

Lastly, Defendant claims that Ms. Ellis did not attempt to go back on leave and that this is an issue raised for the first time in her Response. This is simply untrue. Specifically, Ms. Ellis testified in her deposition that following the meeting she requested that she be allowed to go back out on FMLA—mainly because she was concerned that the increased stress would negatively impact her health. (Doc. 35 at Ex. C at 201:20-202:24). Ms. Lehew refused to allow

her to go out on leave and instead placed her on administrative leave—days later terminating her employment. Those facts are also undisputed. Defendant's wholly failed to address the fact that ECFMG admittedly replaced by a non-disabled employee.

In sum, there is a <u>fact question</u> as to whether Ms. Ellis was ever reinstated to her position as Center Manager; and, there is a <u>fact question</u> as to whether ECFMG interfered with her ability to take a subsequent FMLA. There are simply too many fact questions that are within the providence of the jury to decide; thus, Defendant's Motion for Summary Judgment should be denied.

**B. ECFMG's Proffered Reason for Ms. Ellis' Termination Reeks of Pretext; thus, Defendant's Motion for Summary Judgment Should be Denied.**

Defendant wants this Court to believe that while Ms. Ellis was out recovering from brain surgery, management "just happened" to received an anonymous letter from an identified employee complaining of Ms. Ellis. (Doc. 35 at Ex. D at p. 20:16-21:14). It was only after receiving this letter that management decided to investigate Ms. Ellis—a 7 year employee that had worked at ECFMG without incident or performance problems. ECFMG then wants this Court to believe that Ms. Ellis was subsequently terminated for violating ECFMG's Data Security Policy and the Relationship Policy—which was only discovered after an impromptu investigation solely conducted by Chris Paul (as Betty Lehew testified that as the Vice President of Human Resources she did not investigate).

In regards to the Data Security Policy, Defendant wants this Court to believe that while Ms. Ellis was recovering from brain surgery—out of the nearly one hundred exams that were administered when she was out on leave, she ironically decided to call her subordinate, out of the blue, and give out her password for one random exam in violation of their policy. As initial matter, this is simply hard to believe and reeks of pretext. In addition, there is simply no

evidence that this occurred. Defendant does not provide as much as an affidavit from the subordinate that claims that she got the password from Ms. Ellis. Further, ECFMG tries to "skate over" the instances where other employees allegedly gave out their passwords and were not terminated.

Here, there are <u>fact questions</u> as to whether Ms. Ellis did in fact give out her password in violation of the Data Security Policy, and there are <u>fact questions</u> as to whether other employees gave out their passwords and were not terminated. Thus, there are genuine issues of material fact, and Defendant's Motion for summary judgment should be denied.

Next, in regards to the Relationship Policy, there is no evidence that Ms. Ellis violated this policy. More importantly, even if the Court finds that Mr. Bryant is somehow Ms. Ellis's relative (though they are not related by blood or marriage) the entire goal of the policy is to avoid favoritism. (Doc. 35 at Ex. A). It is undisputed that Mr. Bryant had not worked for ECFMG for over a year at the time of Ms. Ellis' termination. Ms. Ellis could not show favoritism to an employee that was no longer at the company. Thus, ECFMG's proffered reason for terminating Ms. Ellis reeks of pretext.

There is a <u>fact question</u> as to whether Ms. Ellis violated the Relationship Policy since she and Mr. Bryant are admittedly not relatives, and there is a <u>fact question</u> as to whether Ms. Ellis' alleged violation of the Relationship Policy (i.e. claims that she showed favoritism for an employee that had no worked at ECFMG for over a year) was the true reason she was terminated.

ECFMG provides numerous excuses but simply cannot establish a legitimate non-discriminatory reason for the actions taken against Ms. Ellis. Despite ECFMG's claims, Ms. Ellis did not violate any of ECFMG's policies. Moreover, as explained in greater detail in

Plaintiff's Response (Doc. 35), ECFMG has not provided any explanation as to why it deviated from its own policies when terminating Ms. Ellis. Simply stated, genuine issues of material fact exist as to whether Defendant's alleged "legitimate nondiscriminatory reason" is mere pretext. Plaintiff has more than met her <u>burden of persuasion</u> by identifying evidence which demonstrates Defendant's "legitimate reason" is not worthy of credence. Thus, a jury must now be allowed to weigh these fact issues.

      Establishing a *prima facie* case creates a presumption that the employer unlawfully discriminated or retaliated against the employee. *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 525 (1993); *Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 254 (1981); *Rhodes v. Guiberson Oil Tools,* 75 F.3d 989, 992 (5th Cir.1996) (en banc). This presumption places on the defendant the burden of producing evidence that the challenged employment action was taken for a legitimate, nondiscriminatory reason. *Hicks,* 509 U.S. at 507; *Burdine,* 450 U.S. at 254; *Rhodes,* 75 F.3d at 992-93. The defendant must clearly set forth, through the introduction of admissible evidence, reasons for its actions which, "*if believed by the trier of fact,*" would support a finding that unlawful discrimination was not the cause of the employment action. *Hicks,* 509 U.S. at 507; *Burdine,* 450 U.S. at 254-55; *Rhodes,* 75 F.3d at 993.

      If the defendant succeeds in carrying its burden of production, the presumption, having fulfilled its role of forcing the defendant to come forward with some response, simply drops out of the picture, and the trier of fact proceeds to decide the ultimate question of whether the plaintiff has proved that the defendant intentionally discriminated against her. *Hicks*, 509 U.S. at 511; *Burdine*, 450 U.S. at 253; *Rhodes*, 75 F.3d at 993.

      Defendant incorrectly implies that, at the summary judgment phase, Plaintiff must establish that its proffered reason was pretext. For purposes of surviving a motion for summary

judgment, it is enough that Plaintiff offer circumstantial evidence that could allow a jury to reasonably conclude that the final decision-maker responsible for the adverse employment action taken against Plaintiff was at least in part motivated by her disability and taking FMLA leave. *See Rachid v. Jack-in-the-Box, Inc.,* 376 F.3d 305, 311 (5th Cir. 2004). "A plaintiff may establish pretext 'by showing that a discriminatory motive more likely motivated' her employer's decision, such as through evidence of disparate treatment, 'or that [the employer's] explanation is unworthy of credence.'" *Wallace v. Methodist Hosp. Sys.,* 271 F.3d 212, 220 (5th Cir. 2001) (quoting *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.,* 156 F.3d 581, 589 (5th Cir. 1998).

Contrary to Defendant's assertion, Plaintiff is not asking this Court to second-guess its alleged business decisions. Rather, she asks that this Court see what Defendant actually did and interpret that in a light most favorable to her, as the plaintiff. As addressed throughout Plaintiff's Response and this Sur-Reply, a genuine issue of material fact exists as to the actual reason that Defendant terminated Plaintiff's employment.

Here, a Plaintiff may establish pretext by setting forth her *prima facie* case and evidence tending to show Defendant's reason is unworthy of credence.[9] As set forth in her Response and this Sur-Reply, Plaintiff is able to establish a *prima facie* case. Further, Plaintiff has also identified substantial summary judgment evidence demonstrating Defendant's proffered reason is not worthy of credence.

### III. CONCLUSION

Defendant's Motion for Summary Judgment must be denied because it failed to meet its initial summary judgment burden by not demonstrating it is entitled to summary judgment as a matter of law. Also, genuine issues of material fact exist as to each element of Plaintiff's claims.

---

[9] *Reeves v. Sanderson Plumbing*, 530 U.S. 133, 143 (2000); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350-51 (5th Cir. 2005).

Clearly, the acrobatics Defendant performs in its authoring its "version" of the facts demonstrates these issues. For these reasons, Plaintiff asks the Court to deny Defendant's Complete Motion for Summary Judgment.

        Respectfully submitted,



By: _____
Alfonso Kennard, Jr.
State Bar No. 24036888
Southern District No. 897938
Kennard Richard P.C.
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL FOR PLAINTIFF:**



Keenya R. Harrold
State Bar No. 24039664
Southern District No. 897938
2603 Augusta Drive, Suite 1450
Houston, Texas 77057
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
keenya.harrold@kennardlaw.com

## **CERTIFICATE OF SERVICE**

      A true and correct copy of the foregoing was served on counsel for Defendant via the District Court's ECF system on November 18, 2016.

_____
Alfonso Kennard Jr.